UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADRIAN T. LEWIS

V.

CAPT. (FNU) RUSS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, ET
AL.,

CIVIL ACTION

NO. 12-521-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on the Defendants' Motion to Dismiss Pursuant to FRCP Rule 12(b) (6), and 12 (b)(1). (Doc. 28.) Plaintiff opposes the motion. (Doc. 30.) No reply was filed. Oral argument was held on January 8, 2016. Considering the law, facts in the record, and arguments of the parties, and for oral reasons assigned, Defendant's motion is granted in part and denied in part.

With respect to the claims against Capt. Russ individually, the motion is **DENIED**. Plaintiff has sufficiently alleged an Eighth Amendment violation. *See Ashley v. Perry*, No. 13-00354, 2015 WL 9008501 (M.D. La. Dec. 15, 2015).[1] Additionally, the Court will exercise supplemental jurisdiction over the Plaintiff's state law claims.

With respect to the claims against Capt. Russ and Warden Cain in their official capacities, the motion is **GRANTED**. These claims are barred by the Eleventh Amendment. *See Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985); *Griffith v. Louisiana*, 808 F.

---

[1] Defendants raised for the first time at oral argument the fact that Plaintiff failed to allege physical injury and is thus not entitled to compensatory damages. Since this argument was raised for the first time at oral argument, the Court declines to consider it. However, Defendants are correct that Plaintiff must ultimately prove physical injury in order to recover compensatory damages. *See Ashley*, 2015 WL 9008501, at *6. If he fails to do so yet still proves a constitutional violation, he is still entitled to recover nominal and punitive damages. *Id.*

Supp. 2d 926, 932-33 (E.D. La. 2011). Accordingly, these claims are **DISMISSED WITHOUT PREJUDICE.**

With respect to the claims against the State, the motion is **GRANTED**. Again, the Eleventh Amendment bars the Plaintiff's claims. *See Anderson*, *supra*; *Griffith*, *supra*. These claims are **DISMISSED WITHOUT PREJUDICE**.

With respect to the claims against Warden Cain in his individual capacity, the motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Eighth Amendment claims fail because he has failed to show that Warden Cain acted with deliberate indifference. *See Porter v. Epps*, 659 F.3d 440, 446-47 (5th Cir. 2011). Specifically, Plaintiff fails to allege that Warden Cain was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that he actually drew the inference. Plaintiff's allegations of Warden Cain's knowledge are conclusory and speculative. *See Stroman v. Ard*, No 14-649, 2015 WL 6680874, at *8 (M.D. La. Nov. 2, 2015) (discussing how the Fifth Circuit requires that Plaintiff's asserting claims against officials claiming qualified immunity "must at least chart a factual path to the defeat of the defendant's immunity, free of conclusion."). Accordingly, Plaintiff's Eighth Amendment claim against Warden Cain is **DISMISSED WITHOUT PREJUDICE.** However, Plaintiff will be given twenty-eight (28) days within which to amend his Complaint to assert an Eighth Amendment claim against Warden Cain, if he can. If he fails to do so, this claim will be dismissed with prejudice.

With respect to Defendants' motion to dismiss the state law claims against Warden Cain, Defendants' motion is **DENIED**. The Court will exercise supplemental jurisdiction over these claims.

In all other respects, Defendants' Motion to Dismiss Pursuant to FRCP Rule 12(b) (6), and 12 (b)(1) (Doc. 28) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 11, 2016.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**